UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ROSS,

       Plaintiff,                     Civil Action No. 12-cv-14380

      v.                              Hon. Stephen J. Murphy III
                                        Magistrate Judge Laurie J. Michelson

BANK OF AMERICA, N.A. and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS [4] AND ORDER GRANTING MOTION TO STAY DISCOVERY [11]**

This is Plaintiff Gerald Ross's third lawsuit arising out of mortgage issues with his properties. His two previous complaints, consolidated before District Judge George Caram Steeh, were dismissed for failure to state a claim. Although those actions concerned a different mortgage, the complaints were virtually identical to the complaint in this case. The minor modifications to the complaint filed in this case fail to sufficiently address the infirmities of the previous two. Defendants Bank of America and Mortgage Electronic Registration Systems, Inc. ("MERS") move to dismiss largely for the reasons set out in Judge Steeh's order. This Court has considered Ross's response (Dkt. 7) and does not believe that oral argument will substantially aid in resolving the parties' dispute. *See* E.D. Mich. 7.1(f)(2). For the following reasons, this Court **RECOMMENDS** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) be **GRANTED**.

**I. FACTUAL BACKGROUND**

    A. *Plaintiff's Prior Cases*

In July of 2012, Plaintiff filed two suits in Wayne County Circuit Court. Defendants removed both to this Court. *Ross v. Wells Fargo Bank, N.A., Mortgage Electronic Systems, and People's Choice Home Loan, Inc.*, No. 12-13387 (E.D. Mich.); *Ross v. Wells Fargo Bank, N.A., Mortgage Electronic Systems, and People's Choice Home Loan, Inc.*, No. 12-13473 (E.D. Mich.). The cases were consolidated before Judge Steeh. *Ross v. Wells Fargo Bank, N.A., et al.,* No. 12-13387, Dkt. 10 (E.D. Mich. Oct. 4, 2012).

Both cases concerned Plaintiff's mortgage on Lot 51, Blackstone East Trinity Subdivision, at 19191 Trinity, Detroit. *Ross v. Wells Fargo Bank, N.A., et al.,* No. 12-13387, Compl. Ex. B (E.D. Mich. Aug. 1, 2012); *Ross v. Wells Fargo Bank, N.A., et al.,* No. 12-13473, Dkt. 1, Compl. Ex. B (E.D. Mich. Aug. 8, 2012). The claims alleged appeared to include fraud and violations of the Deceptive Trade Practices Act.

Judge Steeh dismissed the cases for failure to state a claim on January 16, 2013. *Ross v Wells Fargo Bank, N.A.*, 2013 WL 173771. Noting that Plaintiff "fails to give any factual support for any of the violations he alleges" Judge Steeh concluded "it is impossible to understand what has given rise to the complaint." *Ross v Wells Fargo Bank, N.A.*, 2013 WL 173771 at *2. Faced with a complaint that was "largely unintelligible," Judge Steeh found that it failed to meet the requisite pleading standards of Rules 8 and 9(b). *Ross v Wells Fargo Bank, N.A.*, 2013 WL 173771 at *1-2.

B. *The Instant Case*

The mortgage in this case is on Lot 50, Blackstone East Trinity Subdivision, at 19201 Trinity, Detroit ("the Property"). (Defs.' Mot. Dismiss Ex. B, at PgID 79.)[1] Plaintiff purchased the Property in July 2006 for $43,000. (Compl. Ex. A.) On August 30, 2006, Countrywide Home Loans ("Countrywide"), acting through MERS, loaned Plaintiff $39,900, secured by the Property. (Compl. Exs. B & C; Defs.' Mot. Dismiss Exs. A & B.) MERS (acting for Countrywide) assigned the mortgage on January 12, 2012, to The Bank of New York Mellon as trustee for the certificate holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-16 ("BONY"). (Compl. Ex. F; Defs.' Mot. Dismiss Ex. C.) According to Defendants, Plaintiff defaulted on the mortgage by failing to make payments. (Defs.' Mot. Dismiss at 2.) BONY, through its agents, posted a notice of foreclosure at the Property on March 18, 2012. (Defs.' Mot. Dismiss Ex. D, at PgID 96.) BONY published a notice in the Detroit Legal News for four weeks in March and April 2012. (Defs.' Mot. Dismiss Ex. D, at PgID 97.) The Property was sold to BONY at a sheriff's sale on April 12, 2012, for $51,032.21. (Compl. Ex. F; Defs.' Mot. Dismiss Ex. D.) The period of redemption expired on October 12, 2012. (Defs.' Mot. Dismiss Ex. D, at PgID 95.)

Defendants further state in their motion, without citation, that Bank of America is not a party to the mortgage, but was only the servicer on the loan. (Defs. Mot. Dismiss at 2.). Plaintiff does not allege that Bank of America was a party to the mortgage. (*See* Compl.)

---

[1] Plaintiff attached only the first two pages of the mortgage document to the Complaint. (Compl. Exs. B & C.) The complete document, including the property description, is attached to Defendants' Motion to Dismiss.

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the Plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the Plaintiff," but the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army,* 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to the Plaintiff's claims, (2) matters of which a court may properly take notice, and (3) public documents. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007); *Amini* v. *Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). The court's consideration of these document does not require conversion of the motion to one for summary judgment. *Greenberg* v. *Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir. 1999).

**III. ANALYSIS**

As in Plaintiff's previously dismissed cases, Plaintiff has not met the pleading standards of Federal Rules of Civil Procedure 8 and 9. Neither the changes Plaintiff made to his form complaint before filing it, nor the arguments in his opposition to Defendants' motion provide any more information or clarity regarding his claims. Accordingly, this Court recommends granting the motion to dismiss.

*A.     Plaintiff's Changes to the Dismissed Complaint*

The complaint here is substantially identical to the complaints in the cases that Judge Steeh dismissed. There are minor modifications to the arrangement and numbering of the paragraphs and slight differences in paragraphs 10, 12, 13 and 14 that the Court will address.

In paragraph 10, Plaintiff replaced his mention of robo signers with references to law already mentioned in other paragraphs, and further characterized the mortgage document as "fraud, misrepresentation and usury also securities fraud. . . ." (Compl. at 4.) These changes add no new factual allegations and provide no clarification that would cure the complaint's defects under Rule 12(b)(6).

Paragraphs 12 and 13 mention the same law as their counterparts in the companion cases, but they also mention that a sheriff's sale occurred and seem to allege that the Deputy Sheriff involved was not a legal Deputy, and that she failed "her duty to review also verify." (Compl. at 4.) This allegation is still fatally unclear as to what Plaintiff is actually attempting to allege against the Bank and MERS.

Paragraph 14 adds the bolded words "fraudulent concealment" and what appears to be the definition of that term. (Compl. at 5.) These additions again fail to shed sufficient light on the factual support for Plaintiff's allegations to enable them to survive under Rule 12(b)(6).

### B. *Plaintiff's Opposition to the Motion to Dismiss*

Plaintiff's response brief is characterized by general statements that fail to provide any clarifying factual allegations. As the Defendants note, the overly broad statements of the response appear to be "directed at the mortgage industry generally," making it impossible to identify any specific allegations of harm to Ross. (Defs.' Reply at 2).

Ultimately, this Court finds that Judge Steeh's conclusion applies equally to this case:

> Neither [Plaintiff's] general statement[s] nor any additional information/language Ross includes in his response assists the court to better understand the complaint and any particular injury about which Ross is complaining.
>
> The court is in full agreement with the defendants that, even taking his *pro se* status into account, Ross has not met the requisite pleading standards under Fed. R. Civ. P. 8, let alone those applicable to fraud claims, under Fed. R. Civ P. 9(b).

*Ross v. Wells Fargo Bank, N.A.*, et al., 2013 WL 173771 at *2.

### IV.   CONCLUSION

As Plaintiff has made no factually supported allegations sufficient to satisfy the pleading standards of Federal Rule of Civil Procedure 8, much less those required for a fraud claim under Rule 9(b), this Court recommends that the Defendants' Motion to Dismiss be granted and that Plaintiff's case be dismissed. As a result of this recommendation, the Court **GRANTS** Defendants' Motion to Stay Discovery (Dkt. 11) pending a final ruling on their Motion to Dismiss.

## V.     FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES MAGISTRATE JUDGE

Dated:  June 14, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 14, 2013.

                                            s/Jane Johnson
                                            Deputy Clerk