UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ROSS,

        Plaintiff,

v.

BANK OF AMERICA, N.A., and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, Inc.,

        Defendants.

_____/

Case No. 12-cv-14380

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 13)
**AND GRANTING DEFENDANTS' MOTION TO DISMISS** (docket no. 4)

This matter before the Court upon the motion to dismiss filed by Defendants Bank of America N.A. ("BOA") and Mortgage Electronic Registration Systems, Inc. ("MERS"). ECF No. 4. The motion was referred to a magistrate judge who issued a report recommending that the Court grant Defendants' motion. Report, ECF No. 13. Plaintiff has filed objections to this recommendation. For the reasons that follow, the Court finds that Plaintiff's objections lack merit and will be overruled. The Court will adopt the recommendation of the magistrate judge and will grant Defendants' motion to dismiss.

**DISCUSSION**

This is the second case Plaintiff has filed regarding his mortgaged Detroit property. Plaintiff's first case was filed in Wayne County Circuit Court. The named defendants filed two separate notices of removal, resulting in two federal cases that were consolidated before the Honorable George Steeh. *Ross v. Wells Fargo Bank N.A., et al.*, No. 12-13387 (E.D. Mich. Jan. 16, 2013). Judge Steeh reviewed Plaintiff's pro se complaint and found that it failed to provide any factual support for any of the violations Plaintiff alleged,

including his claims for fraud and violations of the Deceptive Trade Practices Act. *Id.* The cases dismissed by Judge Steeh concerned Plaintiff's mortgage on Lot 51, Blackstone East Trinity Subdivision, at 19191 Trinity, Detroit. *Id.* In the instant case, which was also filed in Wayne County Circuit Court and removed, Plaintiff's claims pertain to his mortgage on Lot 50, Blackstone East Trinity Subdivision, at 19201 Trinity Detroit. Compl., ECF No. 1, Pg ID # 10. According to Defendants, Plaintiff defaulted on his mortgage by failing to make payments, and the subject property was sold at a sheriff's sale in April 2012.  Mot. Dismiss at 9. The redemption period expired on October 12, 2012. *Id.*

Plaintiff's complaint appears to challenge the foreclosure and alleges that some type of fraudulent conduct occurred . But, similar to Plaintiff's other complaint, his claims here are difficult to determine. Plaintiff makes references to fraud and money laundering without describing any facts that would explain why he believes Defendants have acted improperly. The magistrate judge found that Plaintiff failed to meet the pleading standards of Civil Rules 8 an 9, and recommended dismissal on that basis. Report at 5. She notes that although Plaintiff made minor modifications to the instant complaint, it is "substantially identical to the complaints in the cases Judge Steeh dismissed," and that the differences here "add no new factual allegations and provide no clarification that would cure the complaint's defects under Rule 12(b)(6)". *Id.*

Plaintiff filed objections to the magistrate judge's recommendation. Obj., ECF No. 14. Federal Rule of Civil Procedure 72(b)(3) provides that the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

2

Plaintiff objects that it was improper for the magistrate judge to refer to his prior cases "because it paints Plaintiff as a vindictive party who is bent on filing frivolous suits rather than seeking justice," that the magistrate judge's standard of review was not lenient enough considering he is a pro se litigant, and that dismissal is too harsh when the Court could allow him to amend his complaint. Obj. 2, ECF No.14. He also objects that the magistrate judge granted Plaintiff's motion to stay discovery until the Court ruled on the motion to dismiss, claiming "discovery is an essential part of a party's [l]egal strategy to expedite the litigation and narrow the legal process[.]" *Id.* at 4. Plaintiff's objections do not provide any legal or factual basis for the Court to reject or modify the magistrate judge's recommended disposition.

The Court has considered Plaintiff's pro se status and recognizes that his pleadings are held to a less stringent standard than formal pleadings drafted by lawyers and are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even this less stringent standard does not excuse a clear failure to allege facts which set forth a cognizable federal claim. *See Wells v. Brown,* 891 F.2d 591, 593-94 (6th Cir. 1989). Having reviewed Plaintiff's complaint, the Court agrees that Plaintiff has failed to make any factually supported allegations sufficient to satisfy the pleading standards of Federal Rule of Civil Procedure 8. Accordingly, the Court will adopt the magistrate judge's recommendation and grant Defendant's motion to dismiss the complaint.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's objections (docket no. 14) are **OVERRULED**, the magistrate judge's Report and Recommendation (docket no.13) is **ADOPTED**, and Defendants' motion to dismiss (docket no. 4) is **GRANTED**.

3

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 30, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 30, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager

4